

| Order Form (01/2005) | | | | |
|---|---|---|---|---|

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 2027 | **DATE** | 4/14/2011 |
| **CASE TITLE** | Federico v. Freedomroads RV, Inc. | | |

**DOCKET ENTRY TEXT**

Plaintiff's Motion for Finding Pursuant to Rule 54(b), or in the Alternative, to Set Deadlines and to Reset the Trial Date [77] is granted in part and denied in part. The Motion is granted as to a Finding Pursuant to Rule 54(b), but denied in the alternative as moot.

■ [ For further details see text below.]

Docketing to mail notices.
*Copy to judge/magistrate judge.

## STATEMENT

Before the court is Plaintiff Steven Federico's Motion for Finding Pursuant to Rule 54(b), or in the Alternative, to Set Deadlines and to Reset the Trial Date. For the following reasons, the motion is granted in part and denied in part.

Federal Rule of Civil Procedure 54(b) "permits entry of a partial final judgment only when all of one party's claims or rights have been fully adjudicated, or when a distinct claim has been fully resolved with respect to all parties." Lottie v. W. Am. Ins. Co., 408 F.3d 935, 938 (7th Cir. 2005) (citation omitted); see also Cadelway Props., Inc. v. Ossian State Bank, 478 F.3d 767, 769 (7th Cir. 2007) (Rule 54(b) allows entry of a judgment "that resolves either (i) all aspects of the litigation concerning particular parties, or (ii) all aspects of a discrete controversy within a larger litigation."). Thus, Rule 54(b) is to be employed "only when the subjects of the partial judgment do not overlap with those remaining in the district court . . . . Rule 54(b) allows appeal without delay of claims that are truly separate and distinct from those that remain pending in the district court, where 'separate' means having minimal factual overlap." Lottie, 408 F.3d at 938-39; see also Ty, Inc. v. Publ'ns Int'l Ltd., 292 F.3d 512, 515 (7th Cir. 2002) ("separate" in the Rule 54(b) context does not mean arising under a different statute or legal doctrine but rather means involving different facts). Claims are not separate if "the [appellate] court would have to go over the same ground that it had covered in the first appeal." Lawyers Title Ins. Corp. v. Dearborn Title Corp., 118 F.3d 1157, 1162 (7th Cir. 1997).

The court's dismissal (in separate orders) of the claim of breach of express warranty against each of Defendants Ford Motor Company ("Ford") and Winnebago Industries, Inc. ("Winnebago") under Rule 12(b)(6) constitutes a final resolution of a claim. In Ford's case, the dismissal also removed Ford as a party. Because the dismissal "resolves . . . all aspects of the litigation concerning [a] particular part[y]," Cadelway Props., Inc., 478 F.3d at 768, the court enters judgment under Rule 54(b) as to the claim against Ford. Although Winnebago remains a party, the breach of express warranty claim is substantially factually separate from the remaining claims. The breach of express warranty claim turned on what Plaintiff knew about the

| STATEMENT |
|---|
| contents of written warranties, whereas the remaining claims do not, even if they all concerned the same RV, and so have "minimal" overlap. Lottie, 408 F.3d at 938-39. Plaintiff's knowledge of written warranties and an express guarantee seems to the court to be a "discrete controversy." Id. Further, breach of express warranty is a "distinct claim" and because no such claim remains against any party in the litigation, that claim is "fully resolved with respect to all parties." Lottie, 408 F.3d at 938. Moreover, because the court finds that entry of Rule 54(b) judgment as to Ford is clearly proper, allowing Plaintiff to appeal the dismissal as to Ford but not Winnebago on the identical claim–which is no longer present in the litigation–would likely lead the appellate court "to go over the same ground that it had covered in the first appeal" should Plaintiff appeal down the road. Lawyer Title Ins. Corp., 118 F.3d at 1162. The court finds no just reason for delay.<br>    Accordingly, judgment is entered under Rule 54(b) on the dismissal of claims of breach of express warranty as to Ford and Winnebago. The rest of Plaintiff's motion in the alternative is denied as moot.<br>    IT IS SO ORDERED. |